**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARIO RODRIGUEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**GENSERVE, INC., GENERATOR HOLDING CORPORATION, ROBERT FORTUNATO, MICHAEL VAHLING, and JOSEPH FLYNN, Jointly and Severally,**<br><br>**Defendants.** | **Civ. No.: 18-02641 (JMV)(MF)** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND APPROVAL OF CLASS COUNSEL'S FEES AND COSTS AND NAMED PLAINTIFF'S SERVICE AWARD**

The above-captioned matter came before the Court on Plaintiff's Motion for Final Approval of Class Settlement ("Motion for Final Approval") and Motion for Approval of Class Counsel's Fees and Costs and Named Plaintiff's Service Award ("Motion for Attorneys' Fees"). D.E. 14, 17. The Court reviewed all submissions made in connection with the motions. D.E. 15, 16, 18, 19. The final settlement hearing was held on September 25, 2018, during which the Court issued an oral opinion granting both motions.

**<u>The Action and the Settlement</u>**

On February 23, 2018, the Named Plaintiff filed the Complaint as a putative class action under Fed. R. Civ. P. 23 and as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). D.E. 1. The Complaint alleged that Defendants violated the FLSA; the

New Jersey Prevailing Wage Act, N.J.S.A. § 34:11-56.25 *et seq.*, ("NJPWA"); and the New Jersey State Wage and Hour Law, § 34:11-56a4 *et seq.* and § 34:11-56a5 *et seq.*, ("NJWHL").

Pursuant to an agreement entitled "CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE," D.E. 4-2 ("Settlement Agreement"), the Parties agreed to settle this case for a total amount of $100,000.00 (the "Settlement Fund"). The Settlement Agreement resolved all claims in the action. The Settlement Agreement provided that after deduction of attorneys' fees and costs, and a service award for the Named Plaintiff, the remaining funds (the "Net Settlement Fund") would be allocated among eligible Class Members. The Settlement Agreement named American Legal Claims Services LLC ("ALCS") as claims administrator. Defendants agreed to pay the claims administrator's fees separately from the Settlement Fund.

The Settlement Agreement indicated that Plaintiff and Class Members who did not opt-out of the action were "Qualified Class Claimants" and would receive a portion of the Net Settlement Fund. As used herein, Class Members includes not only those persons subject to the class action but also those in the FLSA collective action. Any remaining settlement monies would then be allocated based on each Class Member's *pro rata* share of the Net Settlement Fund, based on the formula provided in the Settlement Agreement.

The Settlement Agreement further provided that Defendants shall deposit the necessary funds within thirty-eight (38) days following the Court's entry of the Final Approval Order and Judgment, or if appealed, within thirty-five (35) days of any final decision affirming the Final Approval Order and Judgment. The Claims Administrator would then distribute the Settlement Fund to the Class Members and Class Counsel within forty-six (46) days of the Court's entry of

the Final Approval Order and Judgment, or if appealed, within forty-six (46) days of any final decision affirming the Final Approval Order and Judgment.

The Settlement Agreement also stated that eligible Class Members will have ninety (90) days to cash or negotiate the Settlement Checks, and that eligible Class Members could also request a replacement check, with ninety (90) days from issuance of the replacement check to cash or negotiate. (*Id.*). The Settlement Agreement also stated that Class Members would opt-in to the FLSA collective action by cashing their checks. The amounts paid to Class Members will be allocated fifty percent (50%) as W-2 wage payments and fifty percent (50%) as non-wage liquidated damages and interest, such that all W-2 payments shall be subject to payroll and withholdings taxes.

**Preliminary Approval**

On April 13, 2018, the Court granted Plaintiff's Motion for Preliminary Approval of a Class Settlement and scheduled a fairness hearing for September 25, 2018. D.E. 11. The class members were defined as follows:

> All persons who performed generator service work subject to the New Jersey Prevailing Wage Act on New Jersey public works projects for the Defendants GenServe, Inc., and/or other entities controlled by GenServe from October 1, 2011 until February 2, 2018 (the "Class" or "Class Members") are eligible to participate in the Settlement. Corporate officers, shareholders, directors, non-working project foremen, project superintendents, office employees and administrative personnel are not part of the Class.

Pursuant to the Court's Preliminary Order, counsel for Defendants provided Class Counsel with a list of Class Members which included Class Members' names and last known addresses. ALCS mailed the Notice and Claim Forms to the Class Members via First Class Mail on May 11, 2018. The Notice advised Class Members of applicable deadlines and other events, including the fairness hearing, and how Class Members could obtain additional information regarding the case

and settlement. The Notice also, in plain English, advised potential Class Members of the material terms of the Settlement Agreement.

Any Class Notice returned to ALCS as non-delivered was re-mailed to the forwarding address affixed thereto. If no forwarding information was provided, ALCS utilized commercially reasonable means to obtain a current address and promptly re-mailed Class Notices where updated current addresses were found. If an updated address was not found or if the re-mailed package was returned a second time it was not re-mailed a third time and was deemed undeliverable. As of the date of this Order, of the forty-eight (48) Notices that were mailed to Class Members, there was only one (1) Notice that was undeliverable because ALCS was unable to locate the Class Member's current mailing address. No potential Class Member opted-out of the action and no objections to the Settlement Agreement were filed.

In light of the foregoing, and for the reasons stated on the record during the final fairness hearing on September 25, 2018, and for good cause shown,

IT IS on this 26th day of September 2018, hereby

**ORDERED** that the Settlement Agreement is approved; and it is further

**ORDERED** that Named Plaintiff is awarded $2,500.00 from the Settlement Fund; and it is further

**ORDERED** that the Class Counsel is awarded a fee of $33,200.00 and reimbursement of litigation expenses in the amount of $400.00 from the Settlement Fund; and it is further

**ORDERED** that ALCS, as claims administrator, is awarded a fee of $6,000.00, which will be paid by Defendants from funds separate from the Settlement Fund; and it is further

**ORDERED** that parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement; and it is further

**ORDERED** that this matter is dismissed with prejudice. The parties shall bear their own attorneys' fees and costs except as provided in this Order and the Settlement Agreement. This Order shall bind all Class Members (including all members of the FLSA collective action); and it is further

**ORDERED** that the releases and waivers in the Settlement Agreement are hereby approved and shall bind all Class Members; and it is further

**ORDERED** that neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state law or rules, (b) that any party has prevailed in this case, or (c) that the Defendants or others have engaged in any wrongdoing; and it is further

**ORDERED** that without affecting the finality of this Final Order, the Court will retain jurisdiction over the case following the entry of the Judgment and Dismissal until 30 days after the end of the time for class members to cash their settlement check has expired, as defined in the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order; and it is further

**ORDERED** that this Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

Honorable John Michael Vazquez
United States District Judge